J-A24028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONALD C. PETRA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA NATIONAL MUTUAL | : | No. 505 MDA 2018 |
| CASUALTY INSURANCE COMPANY | : | |

Appeal from the Order Entered March 13, 2018
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2016-02932

BEFORE: OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 31, 2019**

This case returns to us on remand from our Supreme Court for reconsideration in light of its decision in ***Gallagher v. GEICO Indemnity Co.***, 201 A.3d 131 (Pa. 2019). ***See Petra v. Pa. Nat'l Mut. Cas. Ins. Co.***, No. 194 MAL 2019 (Pa. September 4, 2019) (*per curiam*). Upon reconsideration in light of ***Gallagher***, we again affirm the order of the trial court denying Donald C. Petra's motion for summary judgment and granting Pennsylvania National Mutual Casualty Insurance Company's ("Penn National") motion for summary judgment.

Petra was involved in an accident with an automobile while he was operating his motorcycle and he "was ejected from the seat of his motorcycle and hit the ground." Trial Court Opinion (TCO), filed 3/13/13, at 3. Petra suffered injuries in the accident both while he was on his motorcycle and after

he flew off of it. His motorcycle was insured through a policy underwritten by Progressive Advanced Insurance Co. ("Motorcycle Policy"). Because he had waived underinsured motorist ("UIM") coverage under his Motorcycle Policy, Petra sought such coverage under a separate policy for his minivan ("Minivan Policy"). The Minivan Policy was issued by Penn National and it included a "household exclusion" excluding UIM coverage for injuries sustained while occupying, or being struck by, any vehicle not insured under the Minivan Policy.

Penn National denied coverage and in August 2016, Petra filed a Complaint for a declaratory judgment. Both sides ultimately moved for summary judgment. Petra argued that the household exclusion did not bar him from UIM coverage "because he was not occupying or struck by a vehicle when he suffered injuries from hitting the pavement." TCO at 4 (citing Petra's Motion for Summary Judgment, ¶ 24). He did not argue that the household exclusion violated any provision of the Motor Vehicle Financial Responsibility Law ("MVFRL"). Penn National maintained that the language of the household exclusion barred coverage. The trial court denied Petra's motion for summary judgment, and granted Penn National's motion.

Petra appealed to this Court. He again argued that the household exclusion, by its terms, did not preclude coverage under the facts of this case because he was not occupying or struck by a vehicle when he sustained the injuries for which he sought coverage:

> Is Plaintiff, Donald C. Petra, entitled to underinsured motorist benefits pursuant to an automobile insurance policy issued by Defendant, Pennsylvania National Insurance Company, because the "household exclusion" does not preclude coverage as Plaintiff was not "occupying" a non-insured motor vehicle when he was injured?

Petra's Br. at 2. He did not argue that the household exclusion violated any provision of the MVFRL. We affirmed. *See Petra v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 505 MDA 2018, 2019 WL 210671, at *3 (Pa.Super. filed Jan. 16, 2019) (unpublished memorandum).

One week after we issued our decision in this case, the Supreme Court decided *Gallagher*. There, Gallagher had two insurance policies from GEICO, one for his motorcycle and another for his automobiles. Both policies included stacked UIM coverage, and Gallagher had paid for such coverage. After he sustained severe injuries when a truck struck his motorcycle, he sought stacked UIM coverage under both policies. GEICO paid the UIM coverage under the motorcycle policy, but denied coverage under the automobile policy, citing that policy's household exclusion. The Supreme Court held that the household exclusion was unenforceable in such circumstances. It explained that the exclusion acted as a *de facto* waiver of stacked UIM coverage, when Gallagher had not signed the waiver of UIM stacking that Section 1738 of the MVFRL requires. *Gallagher*, 201 A.3d at 138.

Following the Supreme Court's decision in *Gallagher*, Petra petitioned the Pennsylvania Supreme Court for allowance of appeal. The Court granted

the petition, vacated our decision, and remanded the case for reconsideration in light of *Gallagher*.

*Gallagher* does not affect our decision in this case. Because Petra did not preserve any claim that the household exclusion violates the MVFRL, the issue is waived. Petra's argument all along has been that the household exclusion does not apply here because he sustained his injuries after he hit the pavement and therefore was not "occupying" his motorcycle when he was injured. *See* Petra's Br. at 16. He at no time argued in the trial court or in this Court that the household exclusion violated Section 1738 of the MVFRL. We reaffirm our rejection of arguments that Petra did preserve for the reasons set forth in our Memorandum filed in this case on January 16, 2019.

Order affirmed. Application for Clarification Following Remand denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2019